_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01050-FWS  Date: April 13, 2023
Title: Theresa Brooke v. Disney Way Hotel Partners LLC

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:    Attorneys Present for Defendants:

Not Present    Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

The court observes that the Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010 *et seq.*, and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. (Compl. ¶¶ 16-28.) The court further notes that it possesses only supplemental jurisdiction over Plaintiff's Unruh claim. *See* 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988)). Given this authority, as well as the Ninth Circuit's decisions in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021) and *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022), the court **ORDERS** Plaintiff to show cause in writing why this court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint on or before **April 20, 2023, at 5:00 p.m.**

Failure to comply with the court's order may result in dismissal. *See* Fed. R. Civ. P. 41(b*); Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-001050-FWS | Date: April 13, 2023 |
| Title: Theresa Brooke v. Disney Way Hotel Partners LLC | |

dismiss a plaintiffs action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

    The court also notes that Plaintiff has filed an Application to Stay Case and Early Mediation, (Dkt. 17), which Defendant timely opposed, (Dkt. 18). The court declines to rule on the pending Application to Stay until after Plaintiff responds to and the court rules on this Order to Show Cause.

    **IT IS SO ORDERED**

                                                                                             Initials of Deputy Clerk: mku